**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLOBAL ENTERPRISES, LLC,

Plaintiff-Appellant,

v.

MONTGOMERY PURDUE
BLANKINSHIP & AUSTIN PLLC,

Defendant-Appellee.

Nos. 14-35841
        15-35026

D.C. No. 2:13-cv-01662-TSZ

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted May 19, 2017
Seattle, Washington

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

Global Enterprises, LLC ("Global") appeals the adverse grant of summary

judgment to Montgomery Purdue Blankinship & Austin PLLC ("Montgomery

Purdue") in its malpractice and breach of fiduciary duty action. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

**1.** Global has not offered sufficient evidence to create a genuine issue of material fact whether Global and Montgomery Purdue formed an attorney-client relationship in the EVYA case. *See Bohn v. Cody*, 832 P.2d 71, 75 (Wash. 1992). While Global's Frank Steuart avers he believed Montgomery Purdue represented Global in the EVYA case, that belief was not reasonable based on the attending circumstances at trial. *See id.* (explaining that the court considers the reasonableness of a client's belief at the time of the allegedly tortious act). Accordingly, there was no error in granting summary judgment to Montgomery Purdue on this claim.

**2.** Global's breach of fiduciary duty claim also fails. Although Montgomery Purdue did owe Global a fiduciary duty in the Stabbert case, *see In re Estate of Larson*, 694 P.2d 1051, 1054 (Wash. 1985), that duty did not require Montgomery Purdue to protect Global's interests in the EVYA case. Additionally, Montgomery Purdue did not impermissibly limit the scope of its representation under Washington Rule of Professional Conduct 1.2(c). Accordingly, there was no error in granting summary judgment to Montgomery Purdue on this claim.

**AFFIRMED.**